```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**RONALD A. PEGUESE, #197617,**

        Petitioner,

v.                                                      2:07CV285

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On March 26, 2002, in the Circuit Court of Henrico County, Virginia, petitioner was convicted of one count of conspiracy, six counts of obtaining money by false pretenses, and seven counts of forgery. Petitioner was sentenced to serve nine years imprisonment. While serving his sentence, petitioner was involved in an altercation with another inmate. The prison disciplinary proceeding arising from the altercation resulted in a loss of earned good-time credits and altered petitioner's security level and prison status. In addition, petitioner now has a conviction for aggravated assault on his record.

Petitioner appealed the conviction to the warden, who denied the appeal. He then appealed to Regional Director W.P. Rogers, who also denied the appeal. Petitioner filed a petition for writ of habeas corpus

in the Supreme Court of Virginia, but on September 22, 2006, the petitioner was summarily dismissed as frivolous.

On June 22, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on September 11, 2007, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner's sole claim is that his Fourteenth Amendment due process rights were violated during the prison disciplinary proceeding because Rogers "arbitrarily and capriciously" revised the factfinder's written statement at the appeals level in violation of Wolff v. McDaniel, 418 U.S. 539 (1974).

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may

consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual

determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.

1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### C. Petitioner's Fourteenth Amendment Due Process Rights were not Violated.

Petitioner relies on <u>Wolff v. McDonnell</u>, 518 U.S. 539 (1974), in claiming that his Fourteenth Amendment due process rights were violated.  Following the altercation that gave rise to the disciplinary proceedings, the initial hearing officer (IHO) found petitioner guilty of aggravated assault.  In the Disciplinary Offense Report, the IHO stated that petitioner's written statement to Sergeant Wooten "proved [petitioner] operated a gambling pool, which [petitioner] and Brumgardner [sic] were arguing over pay offs.  Once [the] lock was thrown toward [petitioner], he admitted he picked it up attacked Brumgardner [sic] and hit him with [the] lock causing serious injuries."  (Va. S.Ct. Pet. for Writ of Hab. Corpus, Ex. 9.)  In response to petitioner's appeal, Rogers stated:

> Confidential testimony provided in the hearing revealed that you were hitting Baumgardner with some object in a sock.  When you ran away from the area he picked up one of the locks and threw it at you, missing you.  You picked up the lock and started back after Baumgardner, throwing the lock at him and hitting him in the back.  A report of injuries sustained also supports this report of the incident.

(Va. S.Ct. Pet. for Writ of Hab. Corpus, Ex. 13 at 1.)

Petitioner claims that the difference in the recitation of facts stated by the IHO and Rogers is material, because a requisite element for an aggravated assault conviction under the rules of the Virginia Department of Corrections (VDOC) is that the accused be the initial aggressor.  Thus, petitioner alleges that Rogers created a new factual conclusion to conform to the mandated criteria of the VODC rule for which petitioner was convicted.

5

In <u>Wolff</u>, prisoners at a Nebraska prison challenged the prison's procedure for revocation of good-time credits, claiming that they had a liberty interest in the credits and that the revocation procedures violated their procedural due process rights. <u>Wolff</u>, 418 U.S. at 539. The Supreme Court agreed that prisoners have a liberty interest, "even when the liberty itself is a statutory creation of the State." <u>Id.</u> at 558. Thus, "minimum requirements of procedural due process appropriate for the circumstances must be observed" when determining whether a prisoner is guilty of misconduct serious enough to warrant revocation of good-time credits. <u>Id.</u> One requirement of the rule is that prison authorities must provide "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." <u>Id.</u> at 563.

<u>Wolff</u> does not prohibit the regional director of a prison system from stating the reasons on which he bases his decision about an appeal from a disciplinary proceeding. Nor does <u>Wolff</u> prohibit a regional director from stating different, or more expanded, reasons for upholding a conviction than those provided by the IHO. Additionally, federal law does not require that state prison authorities prove that a prisoner was the initial aggressor before convicting the prisoner of aggravated assault. Thus, the decision of the Supreme Court of Virginia was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1)(2000).

Finally, the determination of the Supreme Court of Virginia that petitioner's writ of habeas corpus petition was frivolous did not result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." U.S.C. § 2254(d)(2)(2000). This finding has at least

6

"'fair [] support' in the record," as the evidence reveals no grounds that suggest that petitioner's Fourteenth Amendment procedural due process rights were violated. Marshall v. Lonberger, 459 U.S. 422 (1983). The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                  /s/
                                    **James E. Bradberry**
                                    **United States Magistrate Judge**

**Norfolk, Virginia**

**March 24, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Ronald Anthony Peguese, #197617, <u>pro</u> <u>se</u>
    Nottoway Correctional Ctr.
    P.O. box 488
    Burkeville, VA 23922

    Mark R. Davis, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA 23219

                        Fernando Galindo, Clerk

                        By _____
                                Deputy Clerk

                        _____, 2008